```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


RAFAEL A. JONES, SR.,              )
                                   )
            Petitioner,            )
                                   )
      v.                           )      No. 4:11-CV-1624-AGF
                                   )
KELLY MORRIS, et al.,              )
                                   )
            Respondents.           )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Rafael A. Jones, Sr. for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis.

### The petition

Petitioner, an inmate at the Jefferson City Correctional Center, seeks monetary relief in this 28 U.S.C. § 2254 action against respondent Kelly Morris. Petitioner alleges that his constitutional rights were violated in connection with his underlying state criminal trial. He seeks $4,000,000 in compensatory damages and $3,000,000 in punitive damages.

It is a well-settled general principle that a habeas

corpus petition is the appropriate means for an inmate to challenge the actual fact or duration of his confinement and to seek immediate or speedier release, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the conditions of one's confinement. See Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir. 1989); see also White v. Gittens, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and damages). Consistent with this general rule, a prisoner's claim of constitutional violations against a state actor may be brought as a civil rights suit for damages or injunctive relief pursuant to 42 U.S.C. § 1983. In the instant case, petitioner is not seeking his immediate or speedier release, but rather, monetary damages. As such, his recourse is under § 1983, not habeas corpus.

For these reasons, the Court will dismiss the instant habeas petition, but notes that dismissal is without prejudice to a future habeas corpus action, following exhaustion of state remedies, or to any constitutional claims that may properly be brought in this Court under 42 U.S.C. § 1983.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**. See 28 U.S.C. § 2243.

A separate order of dismissal shall accompany this memorandum and order.

Dated this 4th day of October, 2011.

*Audrey G. Fleissig*
_____
**UNITED STATES DISTRICT JUDGE**

3